UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN THE MATTER OF )<br>)<br>THE EXTRADITION OF )<br>)<br>SHAHZAD HAMEEDI )<br>)<br>a/k/a SHERAZ HAMEED ) | Case: 2:25−mc−50886<br>Misc. No. Assigned To : Murphy, Stephen J., III<br>Assign. Date : 6/27/2025<br>Description: IN RE SHAHZAD<br>HAMEEDI (NA) |

COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARD EXTRADITION
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligations to Canada.

2. There is an extradition treaty in force between the United States and Canada. *See* Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990); *and* Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States to provisionally arrest Shahzad Hameedi a/k/a Sheraz Hameed (the "fugitive") with a view toward his extradition.

5. According to information the Government of Canada has provided, the fugitive is charged with aggravated sexual assault contrary to section 273(2) of the Criminal Code of Canada ("CCC") and sexual interference contrary to CCC section 151.

6. These offenses were committed within the jurisdiction of Canada. On June 25, 2025, Justice of the Peace Blake Cohoe of the Ontario Court of Justice issued a warrant for the fugitive's arrest for these offenses, based on the following facts:

  a. On June 24, 2025, Canadian police officers were dispatched to an address in Windsor, Ontario, in response to a report of child abuse. The call originated from Emergency Medical Services (EMS), which requested police attendance for a male believed to be five years old, who was complaining of abdominal and genital pain, with the possibility of a sexual assault after the child had visited with an older adult family friend. The victim's mother ("YX") had placed the call to EMS. Law enforcement identified the child as four-year-old ZL ("ZL" or the "victim"), as his U.S. passport confirmed. The victim was transported to the hospital, where he received treatment for a possible brain bleed, hematoma on the forehead (from between his eyes to his hair line), numerous hematomas around his skull, bruising to left side of his neck, genital and penile bruising, left testicle ascended into the body, and trauma to the rectum and an air pocket in the anal cavity, consistent with a sexual assault.

  b. The victim's mother told police that she began dating the fugitive in March 2025, after meeting him on a dating app. She provided the name "Sheraz Hameed," based on a valid Ontario driver's license that was in her possession, as the person who was with the victim when the injuries occurred. She further advised that the fugitive resides in Michigan, and that she believed he would be returning to the United States shortly. Additionally, she disclosed that the

possesses multiple pieces of identification, from various states, under different names and dates of birth. She provided photographs that she personally had taken of the following forms of identification: (i) a New York driver's license for Sheraz Hameed (date of birth January 1, 1989); (ii) Indiana driver's license for Shahzad Hameedi (date of birth December 16, 1978); and (iii) global entry card for Shahzad Hameedi (date of birth December 16, 1978). She stated that the individual these documents depict is the person who injured the victim. She also provided a U.S. address of 1930 Clifton Ave, Royal Oak, MI, and two phone numbers for the fugitive.

c. According to the victim's mother, the fugitive had picked up the victim in a pickup truck on June 24, 2025, around 8:45 p.m., indicating he was going to drive around the neighborhood with him, and returned the victim at approximately 9:15 p.m. She was unsure if they had stopped anywhere or remained in the vehicle throughout. The victim's mother stated that the victim had no visible injuries before leaving the house. When the victim returned, she observed two large hematomas on the victim's forehead, and he was crying. When questioned, the fugitive claimed the injuries were caused by a bee sting. The victim's mother did not believe the fugitive and pressed for further explanation, which escalated into an argument. When the victim's mother informed the fugitive that she intended to call EMS, the fugitive became upset and abruptly left the residence.

d. When the fugitive's mother later asked the victim what happened, he stated that the fugitive had hit him in the head and stomach.

e. In addition, the victim's mother told police that on June 22, 2025, she had called 911 to report a home invasion at her residence. She had awoken to find herself being strangled by a fully masked intruder who was in possession of duct tape and a taser. Her son was asleep

beside her at the time. She fought the attacker off, and he fled the residence. She was unable to identify the intruder.

  f. In a subsequent interview, the victim's mother also told police about a previous incident in which the fugitive had hit the victim in the lower back. She provided the police with a photo depicting that injury.

  g. Canadian law enforcement discovered, through forensic analysis of the Wi-Fi modem at the victim's residence, that the fugitive's cell phone connected to the Wi-Fi network at the residence both on the night of the home invasion (around 3:00 a.m.), and again when he dropped off the victim after the sexual assault.

  h. According to Canadian law enforcement, on June 24, 2025, at 8:16 p.m., the fugitive entered Canada, with a valid U.S. passport, in a Dodge Ram bearing Illinois plate FP265697. The same vehicle also crossed the previous day. Investigators confirmed that CCTV imagery of the fugitive crossing into Canada on June 24, 2025 at 8:16 p.m., depicts the same individual as the identification documents the victim's mother provided.

  i. U.S. law enforcement confirmed that on June 24, 2025, at 9:45 p.m., Shahzad Hameedi (date of birth December 16, 1978) crossed into the United States, via the Windsor-Detroit Tunnel, in the same Dodge Ram bearing the same Illinois plate. According to Canadian law enforcement, the fugitive has not re-entered Canada through a legal port of entry since that time.

7. Article 2 of the Treaty covers the offenses for which Canada seeks the fugitive's provisional arrest.

8. According to the U.S. Marshals Service, Hameedi is located within the jurisdiction of this Court at his residence, 1930 Clifton Ave., Royal Oak, MI.

9. The Government of Canada has represented that it will submit a formal request for extradition supported by the documents the Treaty specifies and within the time the Treaty requires.

10. The fugitive likely would flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person issue in accordance with 18 U.S.C. § 3184 and the Treaty, and that this complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

Michael Taylor
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 27th day of June, 2025, at 10:18 AM.

Anthony P. Patti
United States Magistrate Judge

5