UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of the Extradition of:          Case No. 25-mc-50886

Shahzad Hameedi                               HON. STEPHEN J. MURPHY, III
a.k.a. Sheraz Hameed                          United States District Judge
_____/

**The United States of America's Brief Opposing Relator's
Renewed Motion for Immediate Release (ECF No. 13)**

The United States, in compliance with its treaty obligations to Canada,

respectfully submits this opposition to the renewed motion for release filed by

Shahzad Hameedi, a.k.a. Sheraz Hameed (ECF No. 13). As discussed further

below, Hameedi's arguments lack merit because the U.S. Department of State

timely received a formal extradition request from Canada (Exhibit A: Letter of

U.S. Department of State), which also renders his arguments moot.

## I.      Background

This case arises from Canada's request that the United States provisionally

arrest Hameedi with a view toward his extradition for the offenses of aggravated

sexual assault and sexual interference. (ECF No. 1). On June 27, 2025, the United

States, fulfilling its treaty obligations to Canada, filed a complaint seeking

Hameedi's provisional arrest. (*Id.*). U.S. Magistrate Judge Anthony P. Patti signed

the complaint and arrest warrant, and Hameedi was arrested on June 27, 2025.

Hameedi had an initial appearance on that same date and was ordered detained.

1

On August 12, 2025, Hameedi filed a motion for release, arguing that no formal extradition request had been made within 45 days. (ECF No. 10). Counsel for the government conferred with Hameedi's counsel in reference to the First Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Art. VI, Jan. 11, 1988, S. Treaty Doc. No. 101-17 (entered into force Nov. 26, 1991), *available at* https://www.state.gov/wp-content/uploads/2019/02/91-1126-Canada-Law-Enfmt-Extradition.pdf (the "1988 Protocol"), which extended to 60 days the time period during which formal extradition documents must be received following a provisional arrest. Hameedi's counsel subsequently withdrew its motion. (ECF No. 12).

On August 27, 2025, Hameedi's counsel filed the present renewed motion for release. (ECF No. 13). Counsel for the government provided to Hameedi's counsel a copy of the State Department's letter at Exhibit A, which states that it received the Government of Canada's formal request for extradition within the required 60-day timeframe. Hameedi's counsel declined to withdraw the renewed motion.

## II.    Argument

Article VI of the 1988 Protocol, *supra*, amends Article 11 of the Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983 (entered into force Mar. 22, 1976) ("U.S.-Canada Extradition

Treaty"), which allows a contracting party to apply for the provisional arrest of a person sought by that contracting party, pending the presentation of a formal request for extradition. As amended by the 1988 Protocol, Paragraph (3) of Article 11 now provides that "[a] person arrested shall be set at liberty upon the expiration of sixty days from the date of arrest pursuant to such application [for provisional arrest] if a request for extradition and the documents specified in Article 9 have not been received." 1988 Protocol, Art. VI.

Article 9(1) of the U.S.-Canada Extradition Treaty further specifies that "[t]he request for extradition shall be made through the diplomatic channel." Courts have made clear that this requirement means that the U.S. Department of State must receive Canada's formal extradition request within the 60-day period, not that the request must be filed by with the Court within that time. *See, e.g.*, *United States v. Clark*, 470 F. Supp. 976, 979 (D. Vt. 1979) (denying relator's release when United States received documents within the then-applicable 45-day period under the U.S.-Canada Extradition Treaty, even though filing with court occurred 57 days after relator's provisional arrest; "[w]e are satisfied . . . that the Treaty does not require receipt at the courts of the asylum country" by the time limit specified in the treaty); *United States v. Wiebe*, 733 F.2d 549, 551, 554 (8th Cir. 1984) (same construction regarding extradition treaty with Spain, citing *Clark*); *Bozilov v. Seifert*, 983 F.2d 140, 143-144 (9th Cir. 1992) (same

3

construction regarding extradition treaty with Germany; "Extradition is facilitated by validating extradition requests received by the American Embassy. Extradition requests received by an authorized diplomatic authority within the Treaty's time limit are sufficient.").

Here, the U.S. Department of State has notified the U.S. Department of Justice that it received Canada's formal request for extradition for Hameedi on August 22, 2025, which is 56 days after Hameedi's arrest on the Canadian provisional warrant and initial appearance in the Eastern District of Michigan. (*See* Exhibit A). The 60-day timeframe established under the U.S.-Canada Extradition Treaty, as amended by the 1988 Protocol, has thus been met, and Hameedi is not entitled to release under Article 11 of the Treaty.[1]

In any case, Hameedi's claim regarding his provisional arrest is also now moot because he is currently being held on the basis of Canada's formal extradition request, and not on its provisional arrest request. *See, e.g.*, *Martinez v. United States*, 828 F.3d 451, 470 (6th Cir. 2016) (en banc) ("[The relator's] provisional arrest ended when Mexico submitted its formal extradition request, which means, as the panel majority correctly concluded, that his challenges to that arrest are moot.").

---

[1] Once the U.S. Department of State finishes reviewing the formal extradition request, it will issue a declaration and submit the request to the Department of Justice for forwarding to the Court.

## Conclusion

For the reasons above, the United States requests that Hameedi's motion be denied.

Respectfully submitted,

Dated: September 2, 2025

JEROME F. GORGON JR.
United States Attorney

s/Ann Nee
Ann Nee
Assistant United States Attorneys
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9100
Email: ann.nee@usdoj.gov